No. 85-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

  Plaintiff and Respondent,

  -vs-

LEE TECCA,

  Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Knuchel & McGregor; Karl Knuchel, Livingston,
    Montana

  For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Kathy Seeley, Asst. Atty. General, Helena, Montana
    Wm. Nels Swandal, County Attorney, Livingston,
    Montana

Submitted on Briefs: Jan. 9, 1986

Decided: February 11, 1986

Filed: FEB 11 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant Lee Tecca appeals his July 30, 1985, jury conviction in the District Court of the Sixth Judicial District on one count of felony sexual assault. We affirm.

On the evening of November 8, 1984, the prosecutrix, N.L., stayed overnight with her friend, Cindy Tecca, at the Tecca residence. Defendant had recently finished a term with the Air Force and was living in the Tecca home at the time. N.L. was eleven years old and defendant 23 years old. Defendant was born of Mrs. Tecca's previous marriage, and is a half-brother to Cindy, as well as the other Tecca children.

About 8:00 p.m. that evening, defendant brought a six-pack of beer home and took the beer downstairs where Cindy and N.L. were playing. Both girls began drinking beer. About 9:00 p.m., defendant, Cindy, and N.L. left the house to go driving. Mrs. Tecca was studying in her bedroom, and was unaware the girls were drinking and that they had left with defendant.

Defendant bought a twelve-pack of beer, which was placed in the back seat with the girls. They drove around town for about an hour and a half and then returned to the Tecca home about 10:30 p.m. By this time, N.L. and Cindy had each consumed at least four or five beers; defendant testified that he had not more than two beers during the course of the evening.

As they entered the house, defendant suggested the girls go right to sleep and not make any noise. The girls had arranged their sleeping bags on the floor in the basement earlier in the evening, and planned on sleeping there. N.L. testified that she slept for a while, but was awakened by defendant. Defendant was kneeling beside N.L. and had his

2

hand in her underpants with his finger in her vagina. Defendant asked N.L. to roll over, but she wouldn't so he left. A light in the hallway was on, and N.L. could see that it was defendant; he was wearing only his underwear. About 20 minutes later Cindy became sick. After several trips to the bathroom, Mrs. Tecca heard the commotion and moved the girls upstairs.

N.L. did not tell her parents about the incident until a week later. An information was filed January 4, 1985, charging defendant with felony sexual assault, in violation of § 45-5-502(3), MCA.

On April 10, 1985, the prosecution filed a Notice of Intent to Introduce Evidence of Other Acts. Defense counsel responded with a motion in limine to bar introduction of prior acts evidence. A hearing was held before the district judge on May 24, 1985, and the motion in limine denied. Defense counsel moved for reconsideration of the motion in limine, and the motion was again denied on July 29, 1985, prior to commencement of trial.

Trial was held July 29, 1985. Following the testimony of N.L., testimony was given by R.T., S.W., K.W., and L.C., concerning prior acts of defendant. Prior to R.T.'s testimony about defendant's previous acts, the trial judge instructed the jury that they were to consider such evidence only for the limited purposes of proving a common scheme or method used in the commission of the alleged offense, identity of the offender, or existence of intent. R.T., defendant's half-sister, testified that she had moved out of the Tecca home a week prior to the incident, because on three occasions the previous month she had awakened at night to find defendant sitting next to her bed clothed in only his underwear with his hand resting on her bed. R.T. testified that

3

similar incidents occurred the previous two times defendant was on leave, during 1982 and 1983. R.T. further testified that when she was eight (nine years ago), defendant climbed in her bed at night and touched her breasts and vagina. This occurred for nearly two years, but then stopped after defendant's father became aware and spoke with defendant.

S.W. testified about an incident involving defendant when she visited the Tecca home about five years ago. She went to defendant's room with Cindy, and defendant asked S.W. to remove her clothing. S.W. refused, so defendant put his arms around her from behind and unbuttoned her pants. She buttoned them back up and left. S.W. was nine years old at the time.

K.W. testified about two incidents with defendant that occurred while she was at the Tecca home. On each occasion K.W. was in defendant's room and defendant asked her to have sex with him and he exposed himself. These incidents occurred approximately two and four years ago, when K.W. was age eight and ten, respectively.

L.C. testified that when she was twelve, about three years before, she spent the night with R.T. at the Tecca home. L.C. awoke that night to find defendant next to her bed with his hand resting on the bed, but left immediately when he realized L.C. was awake.

Jury instruction no. 16 was a limiting instruction informing the jury that the prior acts evidence was admitted to show proof of motive, opportunity, plan, knowledge, identity and absence of mistake or accident, and that such evidence was not to be used for any other purpose. After deliberation, the jury returned a verdict of guilty of sexual assault, a felony. The district judge sentenced defendant to 5 years, with 4 years, 11 months conditionally suspended.

4

Defendant appeals his conviction and raises the following issue:

Whether the District Court erred in allowing admission of prior acts evidence?

Defendant contends that the admission of testimony relating to his prior acts was a violation of Rule 404(b), Mont.R.Evid, and did not meet the guidelines established by this Court in State v. Just (1979), 184 Mont. 262, 602 P.2d 957. Rule 404(b), Mont.R.Evid., provides:

> Other crimes, wrongs, acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 403, Mont.R.Evid. requires the exclusion of otherwise relevant evidence: ". . . if its probative value is substantially outweighed by the danger of unfair prejudice . . ."

In State v. Just, supra, we established a four-element test to determine the admissibility of defendant's prior acts or crimes. The four elements are:

1) The similarity of crimes or acts;

2) nearness in time;

3) tendency to establish a common scheme, plan, or system; and

4) the probative value of the evidence is not substantially outweighed by the prejudice to the defendant. 184 Mont. at 269, 602 P.2d at 961.

Applying this test to the facts of the present case, we find the trial judge was correct in allowing testimony concerning prior acts of defendant.

While the prior acts were not identical to the offense committed in this case, there is sufficient similarity to

5

sustain admission. Each of the incidents involved young girls and occurred in the Tecca home. The testimony of S.W., K.W., and R.T., clearly shows defendant's sexual interest in young girls. Defendant asked S.W. to remove her clothing and then unbuttoned her pants; defendant asked K.W. for sex and exposed himself to her; and defendant went to bed with R.T. for almost two years and touched her all over. Both R.T. and L.C. testified that they had been awakened in the middle of the night to find defendant next to the bed dressed only in his underwear. These incidents bear sufficient similarity to the charged offense to uphold their admission.

The prior acts of defendant testified to by these witnesses go back as far as nine years. Defendant asserts that such evidence is too remote, and violates the time limits established by this Court for admitting prior acts. See e.g., State v. Stroud (Mont. 1984), 683 P.2d 459; 41 St.Rep. 919 (three and a half years); State v. Hansen (1980), 187 Mont. 91, 608 P.2d 1083, (two and a half years). The trial judge agreed with the prosecutor that these acts showed a continuous pattern of conduct by defendant and therefore were admissible. In State v. Doll (Mont. 1985), 692 P.2d 473, 42 St.Rep. 40 we said:

> Whether evidence of prior crimes is too remote is directed to the discretion of the district court and is a matter that goes to the credibility of the evidence rather than its admissibility, unless the remoteness is so great that the proffered evidence has no value.

692 P.2d at 476, 42 St.Rep. at 43, 44.

We agree that an isolated incident from nine years ago is too remote, however, where there is a continuing pattern of similar conduct, the remoteness problem is alleviated. Accord, State v. Spence (Ariz. 1985), 704 P.2d 272, 274. R.T. testified that defendant molested her for a period of

6

nearly two years until defendant was confronted by his father. During the next four years, defendant was away in the service, yet when he was home on leave, incidents with other young girls occurred. After defendant returned home from the service, R.T. testified that on many occasions defendant entered her room at night in his underwear, and that, because of these occurrences, she moved out of the house about a week prior to the offense against N.L. This testimony shows that defendant's deviate sexual conduct has been occurring for approximately nine years. We decline to establish an arbitrary time limit for admitting prior acts evidence where such a cut-off would exclude probative evidence.

The prior acts testimony shows defendant committed, or attempted to commit, sexual acts with young girls for a period of nine years leading up to the offense against N.L. We find the number and similarity of incidents tends to establish a common scheme or plan under the third prong of the Just test.

Finally, we find that the probative value of the prior acts evidence was not substantially outweighed by the prejudice to defendant. While defendant was likely prejudiced to a certain degree, we cannot say as a matter of law that such prejudice clearly outweighed the probative value of this evidence. The prior acts evidence established a continuing course of conduct by defendant and aided in determining opportunity, intent, and identity. The victim in this case was an 11 year-old who had consumed five beers the night of the incident. Testimony that defendant had made advances on other young girls who had been in the Tecca home tends to corroborate the story of the victim.

7

In State v. Just, supra, this Court set forth three procedural requirements for the admission of prior acts. The requirements are:

> (1) notice to the defendant prior to trial that evidence of other crimes, wrongs or acts will be introduced; (2) an admonition by the judge to the jury when the evidence is introduced that it is admitted solely for one or more of the accepted purposes stated in Rule 404(b); and (3) a cautionary jury instruction to the same effect, providing in unequivocal terms that the evidence is admitted for the purpose earlier stated and not to try and convict the defendant for prior wrongful conduct.

184 Mont. at 262, 602 P.2d at 963-4.

There is no dispute that the prosecution timely filed a notice of intent to introduce such evidence. Defendant asserts the District Court failed to meet the second and third requirements. We disagree.

The trial judge delivered the following admonition to the jury before the prior acts testimony:

> Ladies and gentlemen of the jury, evidence is about to be introduced for the purpose of showing the defendant committed crimes or acts other than the one for which he is on trial. You may not consider this evidence to prove that the defendant is a person of bad character, or that he has a disposition to commit crimes. You may only consider this evidence for the limited purposes of providing a characteristic method, plan or scheme used in the commission of the offense in this case, or the identity of the person who committed the offense. You may also consider this evidence to prove existence of intent, which is an element of the crime charged. You may not consider this evidence for any other purpose that would expose the defendant to unjust double punishment.

There were four witnesses who testified as to defendant's prior acts. Defendant argues that the trial judge was required to deliver the admonition before each of these witnesses testified. Defendant has cited no cases in support of such a proposition, nor do we find Just requires the trial judge to deliver an admonition each time prior acts evidence is received.

Finally, defendant asserts the trial judge did not give the proper cautionary instruction to the jury concerning prior acts evidence. Court instruction no. 16 provided:

> The State has offered evidence that the defendant at another time engaged in other crimes, wrongs, or acts. That evidence was not admitted to prove the character of the defendant in order to show he acted in conformity therewith. The only purpose of admitting that evidence was to show proof of motive, opportunity, plan, knowledge, identity and absence of mistake or accident. You may not use that evidence for any other purpose. The defendant is not being tried for that other crime, wrong or act. He may not be convicted for any other offense than that charged in this case. For the jury to convict the defendant of any other offense than that charged in this case may result in unjust double punishment of the defendant.

We find this to be a proper cautionary instruction meeting the third procedural requirement of Just.

We affirm the District Court judgment.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

9