JUSTICE WEBER
dissents as follows:
The majority opinion sets forth limited information regarding the claimed sexual intercourse without consent. I believe additional facts should be considered in evaluating the evidence.
The testimony of the eighteen year old victim, N.B., established that she, her female roommate, and her roommate’s male companion had attended the fair at the Great Falls fairgrounds. The three of them went to TJ’s Bar at approximately 12:30 a.m. At the bar the defendant introduced himself to N.B. N.B.’s roommate and boyfriend inadvertently stranded N.B. at the bar assuming she had a ride. While N.B. unsuccessfully attempted to obtain a ride home from other friends, the defendant interrupted and indicated he would give her a ride home. In the car defendant asked N.B. if she would go on a date with him and when she refused, N.B. thought he was offended by her rejection. Defendant stopped the car and commenced kissing her and she reacted by pushing him away and asked him to take her home. He then made various sexual advances, including stating, “I know we *320 are going to make love tonight” to which N.B. responded, “No, we are not.” Without detailing the extensive testimony, N.B. testified to the very forcible act of sexual intercourse by defendant. At the trial photographic exhibits were introduced showing the bruises on the inside of N.B.’s knees which had been caused during the act. After the act, N.B. ran from the car to a nearby home of a friend who happened to be working in an open garage on his car. That friend testified that N.B. appeared holding a sock in her hand, terrified, crying and frantically hysterical. She immediately complained of the rape. The testimony as to her hysterical condition was confirmed by the police officers and others, including the emergency room medical doctor. In addition, after the incident, N.B. moved out of her apartment and back in with her parents because she testified she was scared to death to live alone.
The majority concludes that the District Court abused its discretion when it admitted evidence of the prior incident with P.B. In considering such evidence, it is important to consider the entire Modified Just Rule:
We therefore now adopt the following as the Modified Just Rule which sets forth the basis for the admission of evidence of other crimes, wrongs or acts as referred to and described in Rules 404(b) and 403, M.R.Evid.:
(1) The other crimes, wrongs or acts must be similar.
(2) The other crimes, wrongs or acts must not be remote in time.
(3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
State v. Matt (1991), 249 Mont. 136, 142, 814 P.2d 52,56. The Modified Just Rule contains the essential elements of Rule 404(b), which is separately cited in the majority opinion. In addition, as pointed out *321 in State v. Sadowski (1991), 247 Mont. 63, 805 P.2d 537, the Modified Just Rule must be classed as an inclusory rather than exclusory rule. The Sadowski Court stated:
As with its federal counterpart, the Montana rule adopts an inclusionary rather than exclusionary approach, that is, use of the word “may” indicates that the second sentence actually lists theories of relevant examples rather than exceptions ...
Sadowski, 247 Mont. at 70, 805 P.2d at 541.
The majority opinion concludes that the only element of the Modified Just Rule which has been satisfied is paragraph (2), which requires that the other acts must not be remote in time. Here the prior incident with P.B. occurred only a month prior to the crime. I do agree with that conclusion but not with the remaining evaluation of the Modified Just Rule.
The Modified Just Rule requires that the other crime, wrong or act must be “similar.” The majority notes a number of cases in which this Court has concluded that the Rule allows the admission of evidence where acts are quite dissimilar. In addition to the cases cited by the majority, State v. Tecca (1986), 220 Mont. 168, 714 P.2d 136, allowed the admission of evidence on a charge of felony sexual assault. The claimed sexual assault included the defendant’s touching the eleven year old complaining witness and inserting his finger in her vagina. This Court concluded that the other acts were admissible in evidence though not identical and stated as follows:
While the prior acts were not identical to the offense committed in this case, there is sufficient similarity to sustain admission. Each of the incidents involved young girls and occurred in the Tecca home. ... Both R.T. and L.C. testified that they had been awakened in the middle of the night to find defendant next to the bed dressed only in his underwear. These incidents bear sufficient similarity to the charged offense to uphold their admission.
Tecca, 220 Mont. at 172, 714 P.2d at 138. Note that there was no offense at all in the conduct which consisted of an older man sitting on the bed of two young girls dressed only in his underwear. Yet this Court concluded there was sufficient similarity to uphold admission. Clearly Tecca is authority for the conclusion that paragraph (1) of the Modified Just Rule had been satisfied.
In analyzing this issue, the majority stated as follows:
We reiterate that in this case the only issue before the jury was whether N.B. consented.
*322 I believe this is a misstatement of the issue. The issue before the court was whether or not the defendant knowingly or purposely committed the offense of sexual intercourse without consent. As set forth in the Modified Just Rule, evidence may be admissible to prove motive or intent.
We will now consider whether the acts were sufficiently similar to meet paragraph (1) of the Modified Just Rule. Both incidents took place after the defendant met the parties at a bar in the early morning hours and after they left the bar with him. I emphasize that the defendant admitted that his conduct took place as P.B. testified in the present case. The act with P.B. indicated the clear desire, and possible intent, on the part of the defendant to have sexual intercourse with P.B. The conduct is clearly similar to that with which he is charged in the principal case, that being sexual intercourse without consent. There was no consent on the part of P.B. to the sexual exposure and statements made. Such evidence could be construed as an intention on the part of the defendant to have sexual intercourse without consent if necessary. I conclude that the surrounding circumstances, and the acts committed, and the victims themselves, all suggest sufficient similarity to meet the requirements of paragraph (1) of the Modified Just Rule. I would further point out that a failure of the offered evidence to meet any one of the factors does not preclude admissibility. See State v. Randall (1989), 237 Mont. 271, 772 P.2d 868, and other cases therein cited.
We agree with the majority that paragraph (2) of the Modified Just Rule has been met.
Paragraph (3) of the Modified Just Rule states that the evidence may be admissible for other purposes such as proof of motive or intent. Defendant’s conduct with P.B. clearly was not consented to by her. It clearly could be considered by a finder of fact to be evidence of a motive or intent to have sexual intercourse, without consent if necessary. I conclude that the evidence meets the test of paragraph (3) of the Modified Just Rule.
Paragraph (4) of the Modified Just Rule provides that the evidence may be excluded if substantial prejudice outweighs the danger of unfair prejudice or confusion of issues, or is misleading. I conclude that while the evidence certainly may have had some influence upon the jury, there is nothing in the nature of unfair prejudice, confusion of issues or misleading of the jury. I conclude that the evidence meets the test of paragraph (4) of the Modified Just Rule.
*323 In its concluding analysis, the majority opinion again emphasizes that it is not the defendant’s intent or motive which is the determinative factor in this case. It concludes that it is the victim’s intent. I disagree with that analysis. The requirement on the part of the trier of fact was to determine whether or not the defendant knowingly or purposely committed sexual intercourse without consent. I disagree with the majority’s conclusion that evidence of the prior act in this case is not relevant to the question being tried.
I would affirm the conviction of the defendant.
CHIEF JUSTICE TURNAGE and JUSTICE HARRISON concur in the foregoing dissent.