No.   92-618

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RANDEL C. ROMERO,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Curtis L. Bevolden, Yellowstone County
Public Defenders, Billings, Montana

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General,
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana; Dennis Paxinos, Yellowstone
County Attorney, Russell C. Fagg, Deputy
Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:   May 20, 1993

Decided:  October 21, 1993

FILED

OCT 21 1993

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Randel C. Romero appeals his jury conviction in the District Court for the Thirteenth Judicial District in Yellowstone County. Romero was convicted of sexually assaulting a five-year-old girl. Romero asserts that the District Court erred when it admitted into evidence Romero's prior conviction for sexual assault upon a 13-year-old girl. The District Court concluded that because the prior conviction was sufficiently similar to the current offense, the evidence of the prior crime was admissible. We affirm.

The dispositive issue on appeal is whether the District Court abused its discretion when it admitted evidence of other crimes, wrongs, or acts of the defendant.

Katye Sease was out one evening during the spring or summer of 1989, and Corrina Ward, a next-door neighbor, was baby-sitting Katye's five-year-old daughter, C.S. Randel Romero, who was dating Katye at the time, arrived at the Sease residence at approximately 11 p.m. Romero was 20 years old. When Romero arrived, Corrina, the baby-sitter, went home. C.S., was sleeping on the couch.

C.S. testified that while she was sleeping, dressed in her mother's shirt and a pair of underpants, she awoke to find Romero sitting on the couch next to her with his hand in her underpants and his finger in her vagina. C.S. testified that when she told Romero to stop, he left the room.

C.S. told her mother about the incident in April 1990. On October 18, 1991, Romero was charged by amended information with

2

the offense of sexual intercourse without consent, in violation of § 45-5-503, MCA, and alternatively with the offense of sexual assault, a felony, in violation of § 45-5-502, MCA. On October 4, 1991, the State notified Romero of its intention to use evidence at trial of other crimes by Romero. Specifically, the State gave notice that it would introduce evidence of Romero's plea of guilty to a sexual assault on a 13-year-old girl in 1987. The State asserted that the prior crime was similar to the present charge. Romero filed a trial brief in which he objected to the use of other crimes evidence on the basis that it was too remote and not sufficiently similar to be relevant.

Romero was tried before a jury on June 1, 2, and 3, 1992. C.S. testified on June 1, 1992. On the following day, the District Court considered the parties' arguments regarding the State's motion to admit other crimes evidence. The court overruled Romero's objection and allowed the State to present evidence of Romero's prior conviction of sexual assault upon T.N.

T.N. testified that she was sexually assaulted by Romero, in 1987, when she was 13 years old. T.N stated that she was asleep in a bed, and at approximately 3 a.m., she was awakened when she felt Romero touching her buttocks, breasts, and vaginal area. T.N. also testified that Romero had been drinking at the time that he assaulted her. T.N. denied that she ever solicited or encouraged Romero's sexual advances.

Corrina, the baby-sitter, testified at trial that she thought Romero was drunk when he arrived at the Sease residence on the

3

night in question. She stated that Romero smelled of alcohol and was in a "sarcastic" mood.

Romero testified that he never touched C.S. in a sexual manner, and that he is not sexually attracted to younger minor children.

On June 3, 1992, the jury convicted Romero of felony sexual assault. This is an appeal from that conviction.

Romero asserts that the District Court abused its discretion when it admitted evidence of his prior conviction for sexual assault upon T.N. Romero contends that the other crimes evidence did not meet the standards of Rule 404(b), M.R.Evid., and the modified *Just* rule, as announced in *State v. Matt* (1991), 249 Mont. 136, 814 P.2d 52.

The standard of review of evidentiary rulings is whether the district court abused its discretion. *State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054. The district court has broad discretion to determine whether or not evidence is relevant and admissible, and absent a showing of an abuse of discretion, the trial court's determination will not be overturned. *Crist*, 833 P.2d at 1054.

In Montana, the admissibility of evidence of other crimes, wrongs, or acts is controlled by Rule 404(b), M.R.Evid., which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

4

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

To insure that evidence of other crimes is not used as character evidence, this Court has outlined four substantive criteria for the admission of such evidence. *State v. Matt*, 814 P.2d at 56. The four-part rule set forth in *Matt* is a modification of the rule originally developed in *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957. The modified *Just* rule requires that:

1. There is a similarity between the crime charged and the previous crime, act, or wrong;

2. The other crime, act, or wrong must not be remote in time;

3. The evidence of the other crime, act, or wrong is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; and

4. There is a determination that the probative value of the evidence is not substantially outweighed by the danger of prejudice to the defendant.

The basis for Romero's objection at trial to the other crimes evidence only involved the first and fourth requirements of the modified *Just* rule. Romero raised no issue regarding nearness in time or the purpose for admission of the other crimes evidence.

5

Therefore, we limit our review to those issues raised in the trial court.

## SIMILARITY OF OTHER CRIMES, WRONGS, OR ACTS

Romero asserts that because there was an eight year age difference between T.N. and C.S. when the assaults upon them occurred, the crimes are too dissimilar to satisfy the similarity requirement of the modified *Just* rule. Romero explains that T.N. was an attractive, developed 13-year-old girl who appeared to be 16. He asserts that T.N. flirted with him when the incident with her occurred. By contrast, contends Romero, C.S. was a five-year-old child at the time of her alleged assault. He denies any attraction to five-year-old girls.

This Court has held that a prior act need not be identical to the offense charged to be admissible, but there must be sufficient similarity between the two offenses. *State v. Tecca* (1986), 220 Mont. 168, 714 P.2d 136. In *State v. McKnight* (1991), 250 Mont. 457, 820 P.2d 1279, we held that although there were some differences between the victims of the prior acts and the victim of the crime charged, the actions of the defendant in the prior acts were sufficiently similar to the actions of the defendant in the crime charged to warrant admission of the prior acts evidence. The present case is analogous to *McKnight*.

Romero's conduct with regard to T.N. and C.S. was very similar. Romero sexually assaulted both young girls when they were asleep. On each occasion, Romero had been drinking. He touched

6

both victims on their genital areas with his hands.  On both occasions, when the girls awoke and told Romero to stop, he complied and left the room.

Romero's contention that the age distinction makes the crimes dissimilar is without merit.  Both T.N. and C.S. were young girls and nothing in the record supports Romero's assertions that T.N. looked 16 and solicited his sexual advances.  The prior conviction involved inappropriate sexual contact by Romero.  The current charge against Romero also involved inappropriate sexual contact. We conclude that Romero's prior conviction for sexual assault upon T.N. was sufficiently similar to the sexual assault upon C.S. to satisfy the first requirement of the modified *Just* rule.

### PROBATIVE VALUE OUTWEIGHS THE PREJUDICIAL EFFECT

Romero asserts that the incidents with T.N and C.S. were so dissimilar that to allow the jury to hear evidence of his conviction for sexual assault upon T.N. was unfairly prejudicial to Romero.  In *McKnight*, we recognized that mere prejudicial effect is not a sufficient reason to refuse admission of prior acts evidence. Moreover, probative evidence will frequently be prejudicial to a party.  See *McKnight*, 820 P.2d at 1283-84 (citing *State v. Paulson* (1991), 250 Mont. 32, 817 P.2d 1137).

In the present case, the testimony of T.N. was clearly prejudicial, but because it satisfies the other requirements of the modified *Just* rule, such prejudice alone is not a sufficient reason to refuse admission.  *McKnight*, 820 P.2d at 1284.  The jury was

7

properly instructed and admonished regarding the testimony on Romero's prior crime. T.N.'s testimony established without question the similarity in the assaults upon T.N. and C.S. We conclude that the probative value of the evidence of Romero's prior crime substantially outweighed the prejudicial effect of admitting it.

We conclude that the evidence of other acts was not inadmissible for any reason argued by the defendant. Accordingly, we hold that the District Court did not abuse its discretion when it admitted evidence of Romero's prior sexual assault.

The District Court's judgment and conviction are affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

October 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Curtis L. Bevolden
Yellowstone County Public Defenders
2720-3rd Ave. No., Ste. 200
Billings, MT   59101

Hon. Joseph P. Mazurek, Attorney General
Cregg W. Coughlin, Assistant
Justice Bldg.
Helena, MT  59620

Dennis Paxinos, County Attorney
Russell C. Fagg, Deputy
P.O. Box 35025
Billings, MT  59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
   Deputy