No. 95-248

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

BILL J. HENDERSON,

      Defendant and Appellant.

FILED

OCT 17 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Marcia M. Jacobson, Public Defender Office,
          Missoula, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General;
          Barbara C. Harris, Assistant Attorney
          General, Helena, Montana

          Robert L. "Dusty" Deschamps, III,
          Missoula County Attorney; Betty T. Wing,
          Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  June 4, 1996

Decided:  October 17, 1996

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Bill J. Henderson, was charged by information, filed in the District Court for the Fourth Judicial District in Missoula County, with the offense of sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA. Following a trial by jury, Henderson was convicted of the crime with which he was charged. He appeals the judgment of the District Court. We affirm the District Court.

The issue on appeal is whether the District Court abused its discretion when it admitted evidence of "other acts" pursuant to *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957.

## FACTUAL BACKGROUND

In 1984, Henderson lived in Missoula with S.B. and her children from a prior marriage, A.B., D.B., and B.B. In December 1984, the children moved to Anchorage, Alaska, to live with their maternal grandparents. At that time, A.B. told her grandmother, Do.B., that Henderson had sexually abused her. Do.B. immediately took A.B. to a counselor, who notified the police. During the police investigation, the children alleged that, on several occasions, Henderson engaged in sexual intercourse with A.B., and that he also made the children perform simulated sexual acts with one another.

In 1988, Henderson was arrested and charged with two offenses: sexual intercourse without consent, and accountability for incest. Following a trial by jury, Henderson was convicted of both charges.

2

He subsequently fled the jurisdiction, and was not apprehended and sentenced until 1993.

Henderson then appealed to this Court, and in *State v. Henderson* (1994), 265 Mont. 454, 877 P.2d 1013, we reversed both of his convictions. We concluded that the simulated sexual acts between the children did not constitute incest. On that basis, we ordered the District Court to enter a directed verdict of acquittal on the accountability for incest charge. We also remanded the case for a new trial of the sexual intercourse without consent charge.

In November 1994, Henderson was retried in the District Court for the offense of sexual intercourse without consent. During the pretrial proceedings, the State filed a "Notice of Intent to Introduce Evidence of Other Acts," in which it asserted the following:

> [T]he State . . . will seek to introduce . . . evidence of other acts that are inseparably related to and conduct simultaneous with the crime charged, for the purpose of proving intent, identity, and common scheme.
>
> The evidence of other acts expected to be presented by the State . . . consists of:
>
> 1. During the same time period that [Henderson] was having sexual intercourse with [A.B.], he was also having her two young brothers lie on top of her and have intercourse with her . . . In prior proceedings [Henderson] asserted mistaken identity as a defense, that it was some other man that sexually assaulted the victim. The boys' testimony that [Henderson] also had them perform sexual acts on their sister is critical to confirm her testimony that [Henderson] is the perpetrator.

The District Court reviewed the requirements of the modified *Just* rule, and determined that the proffered evidence of "other

3

acts" satisfied those requirements. Based on that determination, the District Court granted the State's motion, and admitted the evidence of "other acts."

At the trial, A.B. testified that, on several occasions, Henderson inserted his penis and fingers into her vagina. D.B. and B.B. testified with regard to the "other acts." They both testified that Henderson made them perform sexual acts or simulated sexual acts with A.B., their sister.

Henderson testified on his own behalf, and denied all of the children's allegations. On cross-examination, he stated his opinion that another man had sexually molested A.B.

At the conclusion of the trial, the jury found Henderson guilty as charged. The District Court entered judgment against Henderson, sentenced him to forty years in prison, and declared him ineligible for parole.

## DISCUSSION

The issue on appeal is whether the District Court abused its discretion when it admitted evidence of "other acts" pursuant to *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957.

When we review a district court's evidentiary ruling, the standard of review is whether the district court abused its discretion. *State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054. Furthermore, we recognize that a district court has "broad discretion to determine whether or not evidence is relevant and admissible, and absent a showing of an abuse of discretion, the

4

trial court's determination will not be overturned." *State v. Romero* (1993), 261 Mont. 221, 224, 861 P.2d 929, 931.

In Montana, the admissibility of evidence of other crimes, wrongs, or acts is governed by Rule 404(b), M.R.Evid., which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

To insure that evidence of "other acts" is not used as character evidence in contravention of Rule 404(b), M.R.Evid., we have delineated four substantive requirements that must be satisfied before evidence of "other acts" can be admitted. *State v. Matt* (1991), 249 Mont. 136, 814 P.2d 52. The four-part test promulgated in *Matt* modifies the rule originally established in *Just*. The modified *Just* rule requires that:

> (1) The other crimes, wrongs or acts must be similar;
>
> (2) The other crimes, wrongs or acts must not be remote in time;
>
> (3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;
>
> (4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay,

5

waste of time, or needless presentation of cumulative evidence.

*Matt*, 249 Mont. at 142, 814 P.2d at 56.

Henderson asserts that the District Court erred when it admitted the evidence of his "other acts" of sexual abuse. Specifically, he contends that the evidence of "other acts" was improperly admitted because: (1) the simulated sexual acts are dissimilar to the offense with which he was charged; (2) the evidence is not relevant to a permissible purpose pursuant to which it could be admitted; and (3) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. He concedes, however, that the "other acts" are not remote in time.

Our analysis of Henderson's appeal, therefore, will involve a review of the first, third, and fourth requirements of the modified *Just* rule.

## SIMILARITY OF OTHER CRIMES, WRONGS, OR ACTS

Henderson asserts that the "other acts" (simulated sexual acts) are dissimilar to the act with which he was charged (sexual intercourse without consent). To support his claim, he points out that the simulated sexual acts did not involve "sexual intercourse" as defined by § 45-2-101(66), MCA, and that he did not actually participate in the simulated sexual acts. Therefore, he contends, the evidence of "other acts" does not satisfy the first requirement of the modified *Just* rule.

6

"We have consistently held that the [other] acts do not have to be identical to the charged conduct, only sufficiently similar." *State v. Weldy* (1995), 273 Mont. 68, 74, 902 P.2d 1, 5 (citing *State v. Tecca* (1986), 220 Mont. 168, 172, 714 P.2d 136, 138). In this case, both the "other acts" and the charged offense involved the same victim, and were part of the same series of occurrences. Henderson was responsible for all of the acts, and they were performed solely for his sexual gratification. All of the acts involved Henderson's sexual manipulation and abuse of the children.

Furthermore, we have stated that "[t]here is no rigid rule for determining when conduct is sufficiently similar, rather, the determination of similarity depends on whether that conduct has some relevance to prove an issue in dispute." *Weldy*, 273 Mont. at 75, 902 P.2d at 5 (citing *State v. Keys* (1993), 258 Mont. 311, 316, 852 P.2d 621, 624). For reasons stated in the following section, Henderson's other acts were relevant to prove an issue in dispute.

We conclude that the "other acts" are sufficiently similar to the charged offense. Accordingly, we hold that the evidence of "other acts" satisfied the first requirement of the modified *Just* rule.

## PROPER PURPOSES FOR THE ADMISSION OF EVIDENCE OF "OTHER ACTS"

In its "Notice of Intent to Introduce Evidence of Other Acts," the State asserted that the evidence of "other acts" was admissible to prove identity and common scheme. It is undisputed that,

7

pursuant to Rule 404(b), M.R.Evid., these are permissible purposes. *See e.g. State v. Kordonowy* (1991), 251 Mont. 44, 49, 823 P.2d 854, 857 (identity); *State v. Brooks* (1993), 260 Mont. 79, 83, 857 P.2d 734, 737 (common scheme).

Henderson is correct when he recognizes that "merely reciting an allowable purpose is not sufficient if the evidence does not further that purpose or that purpose is not an issue in dispute." *Keys*, 258 Mont. at 317, 852 P.2d at 625. However, we do not find that to be the case here.

Henderson protested his innocence, and alleged that another man committed the acts of sexual abuse. When he asserted this defense, identity became a disputed issue in the case. The State, therefore, was properly allowed to introduce the evidence of "other acts" to prove that Henderson was, in fact, the perpetrator of the charged offense. We conclude that the evidence of "other acts" made it more likely that A.B. was not mistaken about Henderson's identity when she accused him of the crime with which he was charged.

We also find merit in the State's second asserted purpose—common plan or scheme. The evidence of "other acts" helped establish the existence of a common scheme in which Henderson sexually abused and manipulated the children for his own sexual gratification.

We conclude that the evidence of "other acts" was properly admitted to prove Henderson's identity and common scheme.

8

Accordingly, we hold that the evidence of "other acts" satisfied the third requirement of the modified *Just* rule.

## THE PREJUDICIAL EFFECT DOES NOT SUBSTANTIALLY OUTWEIGH THE PROBATIVE VALUE

Henderson contends that the evidence of "other acts" should have been excluded because its prejudicial effect outweighed its probative value.

We have often recognized that probative evidence will frequently and inevitably be prejudicial to a party. *State v. McKnight* (1991), 250 Mont. 457, 465, 820 P.2d 1279, 1284; *State v. Paulson* (1991), 250 Mont. 32, 43, 817 P.2d 1137, 1144. In this case, the evidence of "other acts" was prejudicial, "but because it satisfies the other requirements of the modified *Just* rule, such prejudice alone is not a sufficient reason to refuse admission." *Romero*, 261 Mont. at 226, 861 P.2d at 932. *See also McKnight*, 250 Mont. at 465, 820 P.2d at 1284.

For the reasons stated previously in this opinion, we conclude that the evidence of Henderson's "other acts" had strong probative value, and that the prejudicial effect of the evidence did not substantially outweigh its probative value. Accordingly, we hold that the evidence of "other acts" satisfied the fourth prong of the modified *Just* rule.

We conclude that the evidence of "other acts" satisfied all four requirements of the modified *Just* rule. Accordingly, we hold

that the District Court did not abuse its discretion when it admitted evidence of Henderson's "other acts" of sexual abuse.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10