N O.  93-063

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

  V.

EDWARD GEORGE PASSAMA,

       Defendant and Appellant.

FILED

NOV - 2 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      John Keith, Attorney at Law, Great Falls, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Assistant Attorney General,
Helena, Montana; Allin H. Cheetham, Chouteau
County Attorney, Fort Benton, Montana


Submitted on Briefs:  June 10, 1993

Decided:  November 2, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Edward George Passama was convicted in the District Court for the Twelfth Judicial District in Chouteau County for sexually assaulting an eight-year-old girl. Passama appeals his conviction based on his assertion that the District Court erred when it limited the scope of his cross-examination of the victim and her 13-year-old brother. We affirm.

There are two issues on appeal.

1. Did the District Court abuse its discretion when it prohibited appellant from cross-examining W.B., the victim's brother, about details of his past sexual misconduct with other children?

2. Did the District Court abuse its discretion when it prohibited appellant from cross-examining the victim about details of her past sexual history?

On September 15, 1992, Edward George Passama, age 47, was charged by information with one count of sexual assault upon an eight-year-old girl in violation of § 45-5-502(1) and (3), MCA. A trial was held on December 1, 1992, in the District Court in Chouteau County.

At trial, the State presented the testimony of the victim, M.B., and her 13-year-old brother, W.B. W.B. testified that he and his sister frequently visited their neighbor, Passama, at his house. W.B. explained that he and M.B. usually played computer games at Passama's house or helped Passama with his chores. W.B. testified that one day he went looking for Passama and M.B., and he

2

found them lying side by side on Passama's bed. When W.B. entered the room, Passama jumped up and began complaining that something was wrong with his leg. W.B. testified that Passama then ducked behind a door and that W.B. heard him zipping up his pants.

W.B. testified that on another occasion, when Passama was watching a movie with the children at their house, Passama had an erection while M.B. was sitting on his lap.

The victim, M.B., testified that Passama laid on top of her, sometimes with their clothes on and other times with their clothes off. M.B. stated that Passama kissed and hugged her while he lay on top of her. M.B. explained that the majority of the incidents occurred at Passama's house, although she thought that some may have occurred at her house while her mother was sleeping. When asked to indicate on anatomical drawings the parts of her body that Passama touched when her clothes were off, M.B. circled her mouth, her vaginal area, and her buttocks. When asked to identify the parts of his body that Passama used to touch her, M.B. circled the mouth and the genital area on the anatomical drawing of an adult male.

This appeal concerns the limitations the District Court placed on Passama's cross-examination of the victim and her brother. Prior to trial, Passama filed a motion in limine in which he requested the court's permission to cross-examine W.B. about his past sexual misconduct with other children. Passama argued that questioning W.B. about his past conduct was relevant to W.B.'s credibility. According to Passama, not only would it show that

W.B. was being treated for sexually molesting a 12-year-old child, but it would reveal that W.B. made an agreement with the prosecution to testify favorably for the State in exchange for leniency in his own legal difficulties.

The District Court denied Passama's motion. The court ruled that Passama could ask W.B. whether any sexual misconduct charges had ever been filed against him, however, the court prohibited Passama from inquiring into the details of the allegations. The court indicated that if W.B. admitted that he had been charged, the defense was permitted to ask W.B. if he had made an agreement with the prosecution that was conditioned on his testimony in the present case. The court determined that such an inquiry would be probative of whether W.B. was testifying truthfully or falsely.

Prior to trial, Passama also requested the court's permission to cross-examine the victim, M.B., about her past sexual history. Passama wanted to ask M.B. about other sexual assaults committed against her. Additionally, he wanted to question the victim about what she had learned from others regarding sexually abusive incidents. Passama intended to attack M.B.'s credibility by demonstrating that the victim's knowledge of sexual abuse could have come from sources other than her personal experiences with Passama. The court reserved ruling on Passama's request until after the court heard testimony from M.B.

During M.B.'s cross-examination, Passama's attorney renewed his prior motion concerning the scope of M.B.'s cross-examination. The court permitted the defendant to ask M.B. whether she had been

4

the victim of other sexual assaults of a similar nature. Further, the court allowed inquiry into how M.B. knew about the body parts, and the meaning of good touch and bad touch. However, the court explicitly refused to allow further examination regarding assaults and prohibited any inquiry into the names of former assailants.

Passama's attorney cross-examined W.B. and M.B. according to the guidelines set by the District Court. On December 2, 1992, the jury convicted Passama of sexual assault. This appeal is from that conviction.

I

Did the District Court abuse its discretion when it prohibited appellant from cross-examining W.B., the victim's brother, about details of his past sexual misconduct with other children?

Appellant asserts that the District Court erred when it prohibited him from inquiring into the specific instances of W.B.'s previous sexual misconduct. Appellant contends that by limiting his cross-examination (1) to whether W.B. had ever been charged with sexual misconduct, and (2) to whether W.B. agreed to testify favorably for the State in exchange for leniency in his own situation, the court prevented appellant from effectively attacking W.B.'s credibility. Appellant argues that W.B. was never charged with a crime, and therefore, the court's permitted questions were valueless to Passama.

The standard of review of evidentiary rulings is whether the district court abused its discretion. *State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054. The district court has broad

5

discretion to determine whether or not evidence is relevant and admissible, and absent a showing of an abuse of discretion, the trial court's determination will not be overturned. *Crist*, *833* P.2d at 1054.

"A **witness'[s]** credibility may be attacked through cross-examination to reveal possible biases, prejudices, or ulterior motives if they relate directly to issues or personalities in the case at hand." *State v. Short* (1985), 217 Mont. 62, 67, 702 P.2d 979, 982. However, interrogating a witness regarding prior misconduct is fraught with potential prejudice. In the past, this Court has been cautious about permitting such testimony on cross-examination. For example, in *State v. White* (1983), 202 Mont. 491, 496, 658 P.2d 1111, 1113, we held that evidence of prior bad acts

> served only to create an unfair prejudice against [the witness], and confusion of the issues for the jury, and as such should have been barred under Rule 403, M.R.Evid.:
>
> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[, or] . . . waste of time . . ."
>
> The result here as to this issue would be the same even before the adoption of the Montana Rules of Evidence. Former section 93-1901-11, R.C.M. 1947, used substantially the same language. Specific wrongful acts used in cross-examination of witnesses to degrade their characters were condemned in *State* v. *Rogers* (1904), 31 Mont. *1, 6, 77* P. 293; *State v. Crowe* (1909), 39 Mont. 174, 177, *102* P. 579; *State v. Kanakarias* (1917), 54 Mont. 180, 184, 169 P. 42; *State v.* Shannon (1933), 95 Mont. 280, 288, 26 P.2d *360.*

6

Similarly, we hold that the District Court did not abuse its discretion when it limited appellant's cross-examination of W.B. The District Court acted in accordance with Rule 403, M.R.Evid., and properly barred appellant from inquiring into W.B.'s prior sexual misconduct because the probative value of such evidence was substantially outweighed by its prejudicial value, and the evidence would have potentially confused the issues.

II

Did the District Court abuse its discretion when it prohibited appellant from cross-examining the victim about details of her past sexual history?

Appellant asserts that the District Court abused its discretion when it denied his request to question M.B. about the details of other sexual assaults on her. Appellant claims that by cross-examining M.B. about the details of other sexual assaults, he could impeach M.B. by showing that the source of her knowledge about sexual abuse came from sources other than her personal experiences with appellant.

The rules of evidence certainly allow the credibility of a witness to be attacked, however, these rules are not without limitation. *State v. Van Pelt* (1991), 247 Mont. 99, 805 P.2d 549.

Section 45-5-511(2), MCA, governs the admissibility of evidence of a victim's past sexual history. The statute provides that:

> No evidence concerning the sexual conduct of the victim is admissible in prosecutions under this part except evidence of the victim's past sexual conduct with the

7

offender or evidence of specific instances of the victim's sexual activity to show the origin of semen, pregnancy, or disease which is at issue in the prosecution.

The purpose of § 45-5-511(4), MCA (1989) (now § 45-5-511(2), MCA), is to prevent the trial from becoming a trial of the victim. *Van Pelt*, 805 P.2d at 552.

None of the exceptions to § 45-5-511(2), MCA, are met in the present case. Accordingly, the District Court did not err when it denied appellant's request to cross-examine M.B. about the details of her past sexual history.

Appellant was allowed to ask M.B. whether she was a victim of similar sexual assaults. Appellant was permitted to inquire into how M.B. knew about the body parts, and the meaning of good touch and bad touch. There was sufficient evidence in M.B.'s testimony to conclude that the child's source of knowledge about sexual abuse was a result of her experiences with the appellant.

We affirm appellant's conviction for sexual assault.

_____
Justice

We concur:

_____
Chief Justice

_____

William E. Hunt, Sr.

Justices