NO. 94-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CANDANCE E. BURLINGHAM and
ALVIN BURLINGHAM,

      Plaintiffs and Appellants,

   v.

GARY R. MINTZ, D.D.S.,

      Defendant and Respondent.

FILED

MAR 16 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

        John M. Morrison (argued), Meloy & Morrison,
        Helena, Montana

      For Respondent:

        Keith Strong (argued), Dorsey & Whitney,
        Great Falls, Montana

Submitted: January 19, 1995

Decided: March 16, 1995

Filed:

_____
          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Candance and Alvin Burlingham appeal from an order of the Nineteenth Judicial District Court, Lincoln County, granting summary judgment to respondent Gary R. Mints, D.D.S.

Reversed and remanded.

The issue on appeal is as follows:

Did the District Court err by excluding appellants' standard of care experts?

On March 21, 1990, Candance Burlingham visited Dr. Mints for a check-up and teeth cleaning. Dr. Mints determined that she needed further treatment. Dr. Mintz also determined that Candance suffered from temporomandibular joint (TMJ) pain. On April 20, 1990, Candance returned to Dr. Mintz for treatment of her upper left rear molar. After applying a local anesthetic, Dr. Mints noted that Candance had difficulty keeping her mouth open. To help keep her mouth open, Dr. Mints placed a bite block between Candance's jaws. A bite block is a rubber coated tapered device with a serrated surface to keep it in place. The bite block was left in for approximately 45 minutes to one hour while Dr. Mintz completed the work. Later that day Candance began to suffer severe TMJ pain which did not abate. Dr. Mintz filled several more of Candance's teeth over the next few months, although he was hindered by her TMJ pain. In October 1990, Dr. Mints referred Candance to a Kalispell specialist who attempted, without success, to relieve Candance's pain. Eventually, Candance underwent restorative

arthroscopic surgery in Spokane, Washington, to alleviate her TMJ pain.

On September 18, 1992, appellants filed suit alleging that Dr. Mints's negligence caused Candance's TMJ injury. Appellants' first standard of care expert, Dr. James McGivney, was deposed on June 11, 1993. On August 12, 1993, appellants filed a motion asking the District Court to qualify Dr. McGivney as an expert. Respondent filed a motion to exclude the testimony of Dr. McGivney, arguing that he lacked any knowledge of practice in Eureka, Montana, and that he had never practiced any place similar.

On February 8, 1994, the District Court denied appellants' motion finding that Dr. McGivney, a suburban St. Louis dentist, was not familiar with the standards of practice or medical facilities available in Eureka, Montana, in a similar locality in Montana, or a similar locality anywhere in the country. The District Court granted appellants until the end of February to find another expert.

Appellants identified Dr. Robert Staley, an oral surgeon practicing in Albany, Oregon, as their second standard of care expert. On May 2, 1994, respondent moved to exclude the testimony of Dr. Staley, arguing that as an oral surgeon practicing in Albany, Oregon, Dr. Staley had no idea of the standard of care in Eureka or a similar community. On May 31, 1994, the District Court excluded the testimony of Dr. Staley after applying the same analysis used to exclude the testimony of Dr. McGivney.

3

On June 7, 1994, respondent filed a motion for summary judgment, arguing that appellants were not able to present expert testimony to meet their burden of proof to establish a prima facie case of a violation by respondent of his standard of care. The District Court granted respondent's motion. Appellants appeal from the order granting summary judgment.

Did the District Court err by excluding appellants' standard of care experts?

The district court has broad discretion to determine whether evidence is relevant and admissible, and absent a showing of abuse of discretion, the trial court's determination will not be overturned. State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378, 380; State v. Crist (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054.

The District Court excluded the testimony of appellants' proposed standard of care experts after modifying the standard of care applicable to dentists set forth in Negaard v. Feda (1968), 152 Mont. 47, 446 P.2d 436, by applying the standard of care applicable to general practice physicians set forth in Chapel v. Allison (1990), 214 Mont. 83, 785 P.2d 204, and followed in Falcon v. Cheung (1993), 257 Mont. 296, 848 P.2d 1050. In Negaard, we held that a dentist who undertakes to treat a patient assumes a duty to that patient to exercise such reasonable care and skill as is usually exercised by a dentist in good standing in the community in which he or she resides. After due consideration, this Court now concludes that the standard of care enunciated in Nesaard is no

4

longer appropriate for non-emergency dental care in Montana. To the extent that _Neaaard_ is in conflict with this opinion, _Neqaard_ is hereby overruled. Just as the residents of Eureka, Montana, are entitled to the same standard of care from an attorney or an architect as are the residents of any community in the United States; the residents of Eureka, Montana, are entitled to the same standard of non-emergency dental care as are the residents of any community in the United States.

In _Chaoel_, this Court held that a non-board certified general practitioner is held to the standard of a reasonably competent general practitioner acting in the same or similar community or in the same or similar circumstances. The application of _Chapel_ is limited to general practice physicians in an effort to ensure that rural communities have access to the essential medical services provided by the general practitioner. _Chapel_ does not apply to local certified specialists, or board certified general or family medical practitioners, nor does it apply to dentists. The policy consideration that necessitates the _Chapel_ standard of care applicable to general practice physicians in rural Montana communities does not exist for dentists in rural Montana communities. There is no evidence to suggest that rural communities suffer from a shortage of dentists, or that dental negligence claims have had a chilling effect on dental services in rural communities.

The District Court concluded that appellants' proposed experts had no idea of the standards of practice in Eureka, Montana, in a

5

similar locality in Montana, or in a similar place anywhere else in the country. A review of the testimony of respondent's and appellants' standard of care experts reveals little, if any, contradictory testimony as to the applicable standard of care for a dentist treating a patient suffering from TMJ pain in Eureka, Montana, or any other community in the country. Respondent's first standard of care expert testified that, with the exception of limited specialties, the same standard of care that applies to dentists in San Francisco and Kalispell, applies to dentists in Eureka. He agreed that the standard of care required in the diagnosis of and the treatment decisions regarding TMJ pain would be the same in San Francisco, Kalispell, and Eureka. Respondent's second standard of care expert testified that in non-emergency situations the standard of care for dentists in Eureka is the same as the non-emergency standard of care anywhere else in the United States.

In Montana, proof of dental negligence usually requires expert testimony. See Newville v. State, Department of Family Services (Mont. 1994), 883 P.2d 793, 805 51 St. Rep. 758, 767. The foundation for that testimony must necessarily include evidence that the witness is familiar with the standard of care at the time when, and the place where, the alleged act of negligence occurred. Expert testimony may consist of direct or indirect knowledge of the standard of care in the community where the act occurred or in a similar community. Rule 703, M.R.Evid.; Hunsacker v. Bozeman Deaconess Foundation (1978), 179 Mont. 305, 323, 588 P.2d 493, 502.

6

Expert testimony, as in the present case, may be based on evidence that the standard of care for the procedure at issue is the same in all communities, regardless of size or location. If the basis of the witness's familiarity with the applicable standard of care is that the standard of care is uniform throughout the United States, and if evidence to the contrary is presented, then the issue raised by the contrary evidence goes to the weight of the witness's testimony, but does not preclude its admission. Section 26-1-203, MCA; Kavick v. Reilly (1988), 233 Mont. 324, 333, 760 P.2d 743, 748.

We conclude that appellants' standard of care experts were familiar with the applicable non-emergency standard of care for dentists in Eureka if, by either direct or indirect knowledge, they were familiar with the applicable non-emergency standard of care for dentists in their communities, regardless of size or location. As a result, we hold that the District Court erred by excluding appellants' standard of care experts.

After excluding appellants' standard of care experts, the District Court granted respondent's motion for summary judgment, concluding that appellants were not able to present expert testimony to meet their burden of proof to establish a prima facie case of violation by respondent of the applicable standard of care.

Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 442, 872 P.2d 330, 332. Appellants

7

provided two appropriate standard of care experts, and therefore, met their burden of establishing a prima facie case of violation by respondent of the applicable standard of care.

We reverse the summary judgment and remand this case to the District Court for further proceedings.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8