No. 97-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 259

DARLENE M. VINCELETTE,

      Plaintiff and Appellant,

   v.

METROPOLITAN LIFE INSURANCE COMPANY, and
BILLINGS SHERATON HOTEL,

      Defendants and Respondents.



FILED

OCT 3 0 1998

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Frank B. Morrison, Jr.; Morrisons, McCarthy & Baraban;
            Whitefish, Montana

            Randy S. Laedeke, Laedeke Law Office, Billings, Montana

      For Respondents:

            Calvin J. Stacey, Stacey & Walen, Billings, Montana

Submitted on Briefs: August 13, 1998

Decided: October 30, 1998

Filed:

_____
               Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1    The plaintiff, Darlene M. Vincelette, commenced this action in the District Court for the Thirteenth Judicial District in Yellowstone County to recover damages for personal injuries sustained while a guest of the defendant, Billings Sheraton Hotel. Following a jury trial, a verdict was returned for the hotel. Darlene appeals from the judgment entered pursuant to that verdict and from the denial of her motion for a new trial. We reverse the judgment of the District Court and remand for further proceedings.

¶2    The issues presented on appeal are:

¶3    1.    Did the District Court abuse its discretion when it allowed a witness to testify about out-of-court statements made by an unidentified declarant?

¶4    2.    Did the District Court abuse its discretion when it refused to admit photographs offered as demonstrative evidence?

¶5    3.    Did the District Court err when it denied plaintiff's motion to compel discovery?

## FACTUAL BACKGROUND

¶6    Around midnight on March 19 or 20, 1989, Darlene Vincelette fell while entering the Billings Sheraton Hotel. She and her companion had passed through the outer doors leading to the hotel lobby and were crossing over a carpeted entryway. Darlene took a step backward to allow her companion to open one of the inner doors. As she did so, she fell and injured her back.

2

¶7    Darlene asserts that the cause of the fall was either a defect in the carpeting or negligent maintenance of the carpeting. The hotel denied any defect or negligence. It alleged that Darlene was intoxicated and that her condition was the cause of her fall.

¶8    Darlene moved the District Court prior to trial for an order excluding testimony from hotel employees that they had been told Darlene was drunk. The District Court did not rule on the motion.

¶9    At trial, one of the hotel's maintenance engineers was allowed to testify that he had received a radio call from another hotel employee, who stated that Darlene was drunk. Plaintiff's counsel moved to strike the testimony as hearsay, but the motion was denied. The declarant was never identified nor produced as a witness.

¶10    The District Court also refused to allow Darlene to admit photographs of the entryway, taken seven years after the accident, which were offered to illustrate the testimony of several witnesses regarding the condition of the carpet.

## ISSUE 1

¶11    Did the District Court abuse its discretion when it allowed a witness to testify about out-of-court statements made by an unidentified declarant?

¶12    We review evidentiary rulings for an abuse of discretion. The district court has broad discretion to determine whether or not evidence is relevant and admissible pursuant to the Montana Rules of Evidence. Absent a showing of an abuse of discretion, the trial court's

3

determination will not be overturned. *See State v. Passama* (1993), 261 Mont. 338, 341, 863 P.2d 378, 380 (citing *State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054).

¶13 Darlene alleged that the cause of her fall was the condition of the hotel carpeting, caused by improper maintenance. As a defense, the hotel asserted that there was nothing wrong with the carpeting, but that Darlene's intoxication was the cause of her fall. Prior to trial, Darlene filed a motion in limine to exclude testimony from hotel employees that they were told the plaintiff was drunk. The District Court did not rule on the motion, but stated that it would make a decision at trial, once a foundation for the testimony existed.

¶14 At trial, Darlene called Larry Vandenbosch, a maintenance engineer on duty at the hotel the night of her accident, as an adverse witness. On direct examination, Mr. Vandenbosch testified that he received a report by radio that a woman had fallen in the entryway. He then went to investigate, but the entryway and lobby were empty when he arrived. He further testified that upon his arrival he examined the entryway carpeting.

¶15 On cross-examination, counsel for the hotel asked Vandenbosch what "information" the radio caller gave him. Vandenbosch then testified that he was told a woman had fallen in the entryway and that she was drunk. He could not remember who placed the radio call, and the unidentified caller did not testify at trial.

¶16 Darlene moved to strike the statement that she was drunk on the basis that it was hearsay. The District Court allowed the statement on the basis that it was not offered for the

4

truth of the matter asserted, but "merely to reflect what was said to him and therefore it's not hearsay."

¶17    Following the ruling, the hotel again elicited testimony from Vandenbosch that he had been told Darlene was drunk. Then, in closing argument, counsel for the hotel repeated the testimony.

¶18    On appeal, Darlene contends the out-of-court statement was offered to show that her fall resulted from intoxication rather than a defect in the carpeting. The hotel contends that the testimony was not hearsay because it was not offered to prove the truth of the matter asserted, but to show its effect on the witness's state of mind and to show why he went to the entryway to investigate.

¶19    Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. *See* Rule 801(c), M.R.Evid. Hearsay is not admissible except as provided by the rules of evidence. *See* Rule 802, M.R.Evid. A statement does not fit within the definition of hearsay when it is not offered to prove the truth of the matter asserted, but to show the resulting effect on the witness's state of mind. *See Mannix v. Butte Water Co.* (1993), 259 Mont. 79, 86, 854 P.2d 834, 838; *Moats Trucking Co. v. Gallatin Dairies* (1988), 231 Mont. 474, 479, 753 P.2d 883, 886.

¶20    In *Moats*, the plaintiff trucking firm brought an action for breach of contract and breach of the covenant of good faith and fair dealing when the defendant dairy company

5

terminated a hauling contract with forty-eight days' notice. The district court allowed one of the defendant's employees to explain why notice was not given immediately when the decision was made to terminate the contract by relating an out-of-court conversation with another employee, who expressed concern that the plaintiff would terminate services immediately upon being advised that its contract was being terminated. The district court held that the out-of-court conversation was not admitted to prove that the plaintiff would actually have terminated services immediately, but to show the effect that it had on the state of mind of the defendant's employee. Prior to allowing the testimony, the district court cautioned the jury that the party's testimony was admitted only for the purpose of showing that the statements were made, not for proving that they were true. We affirmed the ruling of the district court on that basis. *See Moats*, 231 Mont. at 479, 753 P.2d at 886.

¶21 Here, there is no similar purpose for admitting an out-of-court statement about Darlene's intoxication. The testimony that a woman had fallen, offered on direct examination, served to show why Vandenbosch went to the entryway and examined the carpeting. The specific statement that the woman was drunk had no bearing on his decision to investigate. The statement served no other purpose than to prove that Darlene fell because she was drunk, and is more analogous to the hearsay testimony offered in *Mannix*.

¶22 In *Mannix*, the plaintiff brought an action for wrongful termination of employment after he was discharged for his initial refusal to follow, and later criticism of, a company directive. He sought to introduce testimony from other employees of the same company

6

regarding the transaction which led to his discharge. He argued that the out-of-court statements were offered to prove his state of mind and, therefore, were not hearsay pursuant to our decision in *Moats*. The district court disagreed, and we affirmed on the basis that the statements were, in fact, offered to prove his employer's conduct and, therefore, for the truth of what was asserted. *See Mannix*, 259 Mont. at 86-87, 854 P.2d at 839.

¶23 Here, the hotel's argument that Vandenbosch's testimony was not offered to prove the truth of what was asserted is belied by the fact that the hotel's defense was based on its contention that Darlene was intoxicated. The evidence the hotel sought to present, suggesting that Darlene was drunk, was an out-of-court statement offered to prove the truth of what was asserted, and was inadmissible hearsay pursuant to Rules 801(c) and 802, M.R.Evid. We conclude that the District Court erred when it allowed the hearsay testimony.

¶24 For error to be the basis for a new trial, it must affect the substantial rights of the appellant. *See* Rule 61, M.R.Civ.P. Because of the inflammatory nature of the evidence, and Darlene's complete inability to test its reliability by cross-examination, we conclude that the evidence did affect Darlene's substantial rights and was prejudicial. For this reason, we reverse the judgment of the District Court and remand for a new trial.

ISSUE 2

¶25 Did the District Court abuse its discretion when it refused to admit photographs offered as demonstrative evidence?

7

¶26 We review the admission of demonstrative evidence for a manifest abuse of discretion. *See Cowles v. Sheeline* (1993), 259 Mont. 1, 12-13, 855 P.2d 93, 100; *Palmer by Diacon v. Farmers Ins. Exch.* (1988), 233 Mont. 515, 522-23, 761 P.2d 401, 406.

¶27 At trial, Darlene sought several times to admit photographs of the hotel entryway taken seven years after the accident. The photos depicted missing strips of carpeting and corners of carpet tiles which were sticking up. The hotel objected to the admission of the photographs on the basis that due to the passage of time, wear and tear, and a change in ownership, the conditions they depicted were more prejudicial than probative. It also objected on the grounds that Darlene alleged her fall was caused by a hole in the carpeting, while the photos depicted other types of defects. Darlene contends the photographs were relevant because they served to demonstrate the effect of wear and tear and improper maintenance on the carpeting.

¶28 Generally, all relevant evidence is admissible and that which is not relevant is not admissible. *See* Rule 402, M.R.Evid. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative material. *See* Rule 403, M.R.Evid.

¶29 If relevant, demonstrative exhibits are admissible to supplement a witness's spoken description of the event and to clarify some issue in the case, if they are more probative than prejudicial. *See Cowles*, 259 Mont. at 12, 855 P.2d at 100 (citing *Palmer*, 233 Mont. at

8

522-23, 761 P.2d at 406). By contrast, "they are inadmissible only when they do not illustrate or make clearer some issue in the case; that is, where they are irrelevant or immaterial, or where they are of such a character as to prejudice the jury." *Cowles*, 259 Mont. at 13, 855 P.2d at 100 (citing *Workman v. McIntyre Const. Co.* (1980), 190 Mont. 5, 24, 617 P.2d 1281, 1291).

¶30 Here, the parties stipulated that the photos were taken seven years after the accident. The District Court heard testimony from a witness responsible for cleaning the carpeting at the time of the accident, through whom Darlene had attempted to introduce the photos, and concluded that the carpeting, as depicted, was sufficiently different from the time of the accident that the photos should not be admitted. The District Court also concluded that the photos were not relevant because they depicted defects of a different nature than those alleged by Darlene.

¶31 Given the length of time between the accident and the photographs, as well as the change in the condition of the carpeting, we conclude that the District Court did not abuse its discretion when it refused to admit the photographs.

ISSUE 3

¶32 Did the District Court err when it denied Plaintiff's motion to compel discovery?

¶33 Because we have remanded this case for a new trial, we presume that a new discovery schedule will be established and that the parties will have the opportunity to complete any

9

discovery they consider necessary. Therefore, we deem it unnecessary to decide the discovery issues presented on appeal.

¶34 We reverse the judgment of the District Court and remand for further proceedings consistent with this opinion.

_____
/Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice Karla M. Gray specially concurs and dissents.

¶35   I concur in the Court's opinion on issue 2, which holds that the District Court did not abuse its discretion when it refused to admit photographs offered as demonstrative evidence. I dissent from the opinion on issue 1 and, for that reason, I would not remand for a new trial. As a further consequence of my dissent, I would address issue 3 and hold that the District Court did not abuse its discretion in denying Darlene's motion to compel discovery.

¶36   With regard to issue 1, I agree with the Court that the pertinent questions are 1) whether the District Court abused its discretion in admitting Vandenbosch's testimony on cross-examination that the radio caller told him that the woman who had fallen was drunk; and 2) if so, whether the admission of that testimony materially affected Darlene's substantial rights. I also agree with the Court's conclusion that the District Court abused its discretion in admitting the hearsay testimony. It is my view, however, that the Court is wrong--and clearly wrong--in holding that Darlene's substantial rights were affected, thereby entitling her to a new trial.

¶37   The Court's conclusion that Darlene's substantial rights were affected by admission of part of Vandenbosch's testimony and by the reference to it in closing argument by defense counsel is based on far too limited a review of the record before us, a review which would lead the reader to conclude that Vandenbosch's reference was the only testimony regarding whether Darlene had been drinking before her fall at the Sheraton. Nothing could be further from the truth.

¶38   The controlling pretrial order in this case reflects that Darlene contended the Sheraton

11

and its insurer were negligent and that their negligence resulted in serious and permanent injury to her back and legs. The defendants contended, in turn, that they were not negligent in any fashion. They further contended that, assuming some negligence on their part was found, their negligence was not a cause of any damages and/or injuries sustained by Darlene. Finally, they contended that Darlene was negligent and that her negligence contributed to the cause of her damages and/or injuries. The case proceeded to trial on the basis of the pretrial order.

¶39    Darlene's counsel's opening statement to the jury was brief. The Sheraton's opening statement tracked through most of the evidence it expected to be presented during the trial. It referenced Darlene's and her companion's coming testimony that they had been out dancing, socializing and having a few drinks on the evening in question. Counsel also noted that Darlene would testify that the total of 3 to 4 rum and Diet Cokes she consumed that night--without having any food--did not have anything to do with her fall. Counsel made no mention of any coming testimony by Vandenbosch that the radio caller said the woman who fell was drunk.

¶40    The 4-day trial proceeded much as outlined by the Sheraton's counsel in his opening statement, including the testimony about Darlene and her companion having a number of drinks on the night of her fall. The testimony also included, of course, Vandenbosch's inadmissible hearsay testimony referenced above.

¶41    In closing arguments, Darlene's counsel recounted her testimony that she had been out dancing and socializing and having a few drinks on the evening in question. He argued that the Sheraton was negligent and that, if the hole had not existed in the carpet, she would not

12

have fallen. Darlene's counsel also argued,

> That evening--if she was drunk, and she wasn't--and she stepped in that hole and fell over backwards they would still be liable. If she was drunk, that's not a defense [to the Sheraton's negligence].

Thus, Darlene's counsel addressed the matter of her drinking directly in his closing argument, no doubt recognizing that it was necessary to do so because of the testimony of Darlene and her companion regarding their activities that evening.

¶42 The closing argument by counsel for the Sheraton runs to nearly 30 pages of transcript. It centered primarily on the lack of proof advanced by Darlene as to any negligence, but also noted that the Sheraton had raised as a defense that Darlene was at fault in the fall. Counsel then made a 1-sentence reference to the portion of Vandenbosch's testimony about which Darlene complains on appeal: "He had heard that there was some woman who had been drinking." That was the extent of counsel's reference to Darlene's drinking on the night in question and, of course, Vandenbosch's testimony aside, Darlene had admitted that she had, in fact, been drinking that night.

¶43 Finally, the record reflects that this case went to the jury on a Special Verdict form of a relatively common type. The first question thereon was "Were the defendants negligent?" The second question, "Was the negligence of the defendants a legal cause of Plaintiffs' [sic] damages?" The third question, "Was the Plaintiff negligent?" As is usual in this type of special verdict form, the jury was instructed to answer yes or no to the first question and, if it answered "no," to date and sign the Special Verdict. Indeed, that is what the jury did: it answered the first question--regarding whether the defendants were negligent--"No" and that was the end of the jury's deliberations. In other words, the jury did not reach

13

the causation question or the comparative negligence question.

¶44 I submit that, on this record, it is impossible to conclude that Darlene's substantial rights were affected by Vandenbosch's testimony about the remainder of the radio call he received. In the context of the other evidence, including Darlene's own testimony about drinking that night, Vandenbosch's testimony and defense counsel's 1-sentence reference to it in a 30-page closing argument, simply was not--as the Court characterizes it-- "inflammatory" and "prejudicial."

¶45 Moreover, since the jury resolved the case by finding that the defendants were not negligent and did not reach the Special Verdict questions to which the extent of Darlene's drinking were relevant--namely, causation and comparative negligence--it cannot be said that Darlene's substantial rights were affected by the erroneous admission of a small part of Vandenbosch's testimony. Indeed, we recently addressed a similar situation in Peschke v. Carroll College (1996), 280 Mont. 331, 929 P.2d 874. There, we concluded that the trial court had abused its discretion in admitting a videotape into evidence. We further concluded, however, that the plaintiff's substantial rights were not materially affected because the evidence went to the issue of causation which the jury had not reached because of its threshold finding that the college was not negligent, and held that the error was harmless. *Peschke*, 280 Mont. at 342-43, 929 P.2d at 881. *Peschke* clearly controls the proper resolution of issue 1 in the present case.

¶46 On issue 1, I would hold that Darlene's substantial rights were not materially affected by the erroneous admission of hearsay evidence and, as a result, that the error was harmless. Thus, I would affirm the District Court's denial of Darlene's motion for a new trial.

14

¶47 Finally, as noted above, I also would affirm the District Court's denial of Darlene's motion to compel discovery. Our cases holding that trial courts have broad discretion in discovery-related matters are legion and require no citation. Darlene simply has not established an abuse of discretion by the District Court in that regard.

¶48 I would affirm the District Court on all issues raised by Darlene on appeal and I dissent from the Court's failure to do so.

Karla M. Gray

/Justice

15

October 30, 1998

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

FRANK B MORRISON JR
MORRISONS MCCARTHY AND BARABAN
PO BOX 1090
WHITEFISH MT  59937-1090

RANDY S LAEDEKE
LAEDEKE LAW OFFICE
PO BOX 2216
BILLINGS MT  59103-2216

CALVIN J STACEY
ATTORNEY AT LAW
PO BOX 1139
BILLINGS MT  59103-1139

ED SMITH
CLERK OF THE SUPREME COURT

STATE OF MONTANA

BY: _____
Deputy