No. 98-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 25N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

HERBERT STRONG,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Thomas C. Honzel, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Steven M. Hudspeth, Attorney at Law, Great Falls, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Mark W.

Mattioli, Assistant Attorney General, Helena, Montana

Mike McGrath, County Attorney; Vicki Frazier, Deputy County

Attorney, Helena, Montana

Submitted on Briefs: September 10, 1999

Decided: January 31, 2000

Filed:

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Herbert Strong appeals from his conviction of criminal mischief and the judgment and sentence entered by the First Judicial District Court, Lewis and Clark County. We affirm.

¶3.The issues presented on appeal are as follows:

¶4. Did the District Court abuse its discretion when it restricted Strong's direct examination of Buchanan?

¶5. Did the District Court abuse its discretion when it prohibited Strong from presenting evidence regarding the existence of an easement?

¶6. Whether the alleged errors committed by the District Court constitute cumulative error?

## FACTUAL AND PROCEDURAL BACKGROUND

¶7.Beginning in 1993 or 1994, Herbert Strong was employed by John Buchanan, who owned approximately 12,000 acres near Craig, Montana. Since Strong was living on the property, Buchanan employed Strong without compensation for the purpose of showing Buchanan's property to potential timber buyers. In 1996 Buchanan entered into a contract for deed with Painted Rock, LLC, for the purchase of approximately 6,000 acres of land. Subsequently, Strong entered into an independent contractor relationship with Painted Rock, LLC, to oversee the property. Strong's duties for Painted Rock, LLC, included showing loggers different areas Painted Rock wanted logged, showing the property to prospective timber buyers, and working with the party leasing a portion of the land for hunting.

¶8.On October 26, 1996, Strong showed property on behalf of Painted Rock, LLC, to someone interested in the timber. In the course of showing the property, Strong entered property belonging to an adjacent landowner, the Westons, by forcing open a gate on their property. There is conflicting testimony with regard to whether Strong cut the lock or forced the gate open from the side where it was attached to the post. Strong entered the Westons' property despite being told by the Westons once in 1995 and again approximately six days prior to October 26, 1996, that he was not welcome on their property.

¶9.After Strong had finished showing the property and returned to the gate, he noticed that the Westons had shut the gate and parked their vehicles across the road to block his passage. Strong tore out the gate with his truck, drove up into the Westons' yard making a detour around the vehicles and back onto the road and then continued to travel down the road, dragging the gate behind him. One of the Westons proceeded to follow Strong and was able to identify him as the driver of the truck. Immediately following this incident, the Westons telephoned the sheriff's department.

¶10.A short time later, a sheriff's deputy responded to the Westons' call. Upon his arrival, the deputy interviewed the Westons and the then conducted an investigation of the incident. During his investigation, the deputy observed drag marks on the road from where the gate and wagon wheel had been dragged from their original location to their ultimate resting spots alongside the road. The deputy testified at trial that his observations were

consistent with what the Westons had told him had happened.

¶11.On October 30, 1996, the sheriff's deputy interviewed Strong regarding the incident. Upon being advised of the Westons' complaint, Strong's only response was that the Westons were lying. At that time, the deputy issued Strong a citation for damaging the property of another in violation of § 45-6-101, MCA (1995).

¶12.Strong entered a plea of not guilty and requested a jury trial with regard to the citation for criminal mischief in the Lewis and Clark County Justice Court. Strong later waived his right to a trial by jury and requested a trial before the Justice Court sitting without a jury. The trial was held on July 15, 1997. Testimony from several witnesses, including the Westons, the deputy sheriff who had investigated the incident, a previous landowner who had sold the property to Buchanan, and Strong, as well as evidence was presented. After having considered the testimony and evidence presented, the Justice Court found Strong guilty of the offense of criminal mischief. In reaching its decision, the Justice Court noted that much had been made at trial regarding whether the individuals involved had easements across one another's property. In relation to this, the Justice Court stated that whether or not Strong thought he had the right to be on the Westons' property, Strong destroyed the property of another in violation of § 45-6-101, MCA (1995).

¶13.A sentencing hearing was held on July 31, 1997. Strong was given a six-month suspended sentence and ordered to pay restitution for the damage to the gate, to pay witness fees, and to be law abiding. In August 1997 Strong appealed to the First Judicial District Court, Lewis and Clark County, from the judgment of conviction and sentencing.

¶14.The District Court conducted a jury trial on April 27, 1998. Prior to the commencement of the trial, the parties participated in an in-chambers discussion where the State requested that Strong not be allowed to present any testimony regarding a prescriptive easement. The State made this request on the basis that the determination of whether a prescriptive easement existed was a civil matter and that whether a prescriptive easement existed is irrelevant to the charge of criminal mischief. Strong's attorney refuted the State's rationale by alleging that he was attempting to raise a reasonable doubt as to whether the Westons unreasonably interfered with a possible easement. The District Court agreed with the State and determined that evidence of an easement was irrelevant to the charge of criminal mischief and granted the State's request.

¶15.During the trial, the parties presented evidence and the testimony of several witnesses.

Following deliberations, the six-person jury found Strong guilty of criminal mischief, a misdemeanor in violation of § 45-6-101, MCA (1995). The District Court entered its judgment of conviction and sentenced Strong to six months in jail suspended upon the following conditions: (1) pay restitution in the amount of $207; (2) pay witness fees and jury costs associated with the trial; (3) pay a fine of $150; (4) pay a mandatory surcharge; and (5) remain law abiding. Strong appeals from the District Court's judgment of conviction and sentencing.

## STANDARD OF REVIEW

¶16.The standard of review for evidentiary rulings in a criminal case is whether the district court abused its discretion. *See State v. Passama* (1993), 261 Mont. 338, 341, 863 P.2d 378, 380 (citation omitted). "The district court has broad discretion to determine whether or not evidence is relevant and admissible, and absent a showing of an abuse of discretion, the trial court's determination will not be overturned." *Passama*, 261 Mont. at 341, 863 P.2d at 380 (citation omitted).

## ISSUE 1

¶17.Did the District Court abuse its discretion when it restricted Strong's direct examination of Buchanan?

¶18.Strong contends that the District Court violated his right to present a defense when it sustained the State's hearsay objection to testimony Strong's attorney attempted to elicit from Buchanan regarding what the previous property owner had told Buchanan about the ownership of the gate. The State responds that the District Court did not abuse its discretion when it disallowed Buchanan's hearsay testimony and that the District Court did not prohibit Strong from presenting his defense that he believed either Buchanan or Painted Rock, LLC, owned the gate. The District Court determined the testimony that Strong's attorney was attempting to elicit from Buchanan did not fall within an exception to the hearsay rule and sustained the State's objection on that basis.

¶19.Further, Strong argues that the evidence was offered as a prior inconsistent statement that went to Strong's state of mind with regard to ownership of the gate and created a reasonable doubt as to whether Strong had the mental state necessary to commit the offense of criminal mischief. The State contends that the testimony was offered to prove the truth of the matter asserted and not Strong's state of mind since the statement had

allegedly been made to Buchanan, not Strong. The State also points out that the previous property owner had testified that he had told Buchanan the gate was located on the Westons' property and that Buchanan had testified he had figured out 3 or 4 years after he bought the property in approximately 1975 or 1976 that the gate was not located on his property and that he could not recall having any conversations with Strong regarding ownership of the gate.

¶20.Hearsay is not admissible except as otherwise provided by statute, the Montana Rules of Evidence, or other rules applicable to the courts of Montana. *See* Rule 802, M.R.Evid. Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. *See* Rule 801(c), M.R.Evid. Rule 801(d), M.R.Evid., identifies statements that are not hearsay:

(d) Statements which are not hearsay. A statement is not hearsay if:

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, . . .

Thus, we determine whether the previous landowner's alleged prior statements to Buchanan were inconsistent with his testimony at trial and whether he was subject to cross-examination about them.

¶21.The testimony Strong's attorney had attempted to elicit from Buchanan was that the person who had sold Buchanan the property told him that the gate was on the property offered for sale to Buchanan. At trial, Strong's attorney had cross-examined the person who had sold the property to Buchanan and he testified that he had told Buchanan during negotiations for the sale of the property that the gate was located on the Westons' property. Accordingly, we conclude that the previous landowner's trial testimony was inconsistent with his prior statement to Buchanan. Therefore, the District Court abused its discretion when it sustained the State's hearsay objection with regard to the prior inconsistent statement.

¶22.However, as the State correctly points out, Strong is required to establish that the District Court's erroneous evidentiary ruling was prejudicial. *See* § 46-20-701, MCA (1995). Strong asserts that the excluded testimony went to Strong's state of mind with regard to whether he had the mental state necessary to commit criminal mischief either as

to the knowledge that the gate belonged to another or that he had torn out the gate with the permission of Buchanan. The State argues that the exclusion of the testimony constitutes harmless error. Strong's attorney informed the District Court that the purpose for attempting to elicit the prior inconsistent statement from Buchanan was to prove that Buchanan had told Strong that the previous owner had told him that he owned the gate.

¶23.Buchanan did not testify in conformity with this offer of proof. Instead, Buchanan testified that he did not recall telling Strong anything about the gate other than that he had the right to go through it. Thus, the record indicates that the prior inconsistent statement made to Buchanan by the previous landowner was never conveyed to Strong. Therefore, we conclude that the District Court's exclusion of the prior inconsistent statement made by the previous landowner was harmless error.

## ISSUE 2

¶24.Did the District Court abuse its discretion when it prohibited Strong from presenting evidence regarding the existence of an easement?

¶25.Strong contends that he was denied the opportunity to present a defense when the District Court prohibited him from presenting evidence of a prescriptive easement on the Westons' property. The State argues that the easement issue is a red herring designed to distract this Court from Strong's conduct and his evasive and conflicting testimony. On the morning of the jury trial, the District Court held an in-chambers hearing regarding the issue of evidence concerning the existence of an easement. The District Court excluded evidence of an easement on the basis that the only issue before it was whether or not Strong had destroyed a gate belonging to the Westons.

¶26.Rule 401, M.R.Evid., defines relevant evidence:

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevant evidence may include evidence bearing upon the credibility of a witness or hearsay declarant.

Rule 402, M.R.Evid., states that evidence that is not relevant is not admissible. Strong was cited for criminal mischief in violation of § 45-6-101, MCA, which states:

**Criminal Mischief. (1) A person commits the offense of criminal mischief if the person knowingly or purposely:**

(a) injures, damages, or destroys any property of another or public property without consent;

(b) without consent tampers with property of another or public property so as to endanger or interfere with persons or property or its use;

(c) damages or destroys property with the purpose to defraud an insurer; or

(d) fails to close a gate previously unopened which the person has opened, leading in or out of any enclosed premises. This does not apply to gates located in cities or towns.

Section 45-6-101(1), MCA (1995).

¶27.The charge of criminal mischief involves damage to or destruction of the property of another without consent. Evidence of an easement would have established that Strong had the right to be on the Westons' property, which we note the record indicates to the contrary. In any event, Strong did not have the Westons' consent to tear down the gate. Therefore, we conclude that the District Court did not abuse its discretion when it prohibited Strong from presenting evidence of an easement on the basis that it was not relevant.

¶28.In addition, we think it is important to point out that Strong was not denied the opportunity to present a defense in this case. First, Strong participated in a bench trial in Justice Court where he had the opportunity to cross-examine witnesses, present evidence and testify in his own behalf. Second, Strong appealed the Justice Court's decision to the District Court, was granted a jury trial where he cross-examined witnesses, presented evidence, and testified in his own behalf. Throughout his entire case, Strong was represented by counsel. Under these circumstances, we cannot say that Strong was denied the opportunity to present a defense.

ISSUE 3

¶29.Whether the alleged errors committed by the District Court constitute cumulative error?

¶30.Since we have determined that the District Court's abuse of discretion with regard to the exclusion of the prior inconsistent statement was harmless error, we need not address the issue of whether any alleged errors committed by the District Court constitute cumulative error.

¶31.Affirmed.

/S/ JIM REGNIER

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART